**LEWIS BRISBOIS BISGAARD & SMITH LLP**
SHAWN A. TOLIVER, SB# 148349
　　Email:　Shawn.Toliver@lewisbrisbois.com
PAMELA M. FERGUSON, SB# 202587
　　Email:　Pamela.Ferguson@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone: 415.362.2580
Facsimile:  415.434.0882

Attorneys for Defendant TRISTAR PRODUCTS, INC.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| EDWINA PINON, individually and on behalf of all persons similarly situated,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>TRISTAR PRODUCTS, INC., DOES 1-10, inclusive,<br><br>　　　　　Defendant. | CASE NO. 1:16-CV-00331-DAD-SAB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TRISTAR, INC.'S MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS DISCLOSURE AND PRECLUDE PLAINTIFF'S EXPERT FROM TESTIFYING IN SUPPORT OF CLASS CERTIFICATION**<br><br>**[Pursuant to Fed. R. Civ. P. 37(c)]**<br><br>**Date:**　　　　May 31, 2017<br>**Time:**　　　　10:00 a.m.<br>**Courtroom:**　9, 6th Floor |

## I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 37(c) Defendant, Tristar Products, Inc. ("Tristar"), moves to strike Plaintiff EDWINA PINON's ("Plaintiff") expert witness designation and to preclude Plaintiff's expert from testifying in support of Plaintiff's motion for class certification.

The Court's Scheduling Order (Dkt. No. 35), directed the parties to disclose expert witnesses for the class certification phase of this action on or before April 7, 2017, and to disclose all supplemental experts on or before May 2, 2017. The Scheduling Order emphasizes that written designations of retained experts shall be made pursuant to Fed. R. Civ. P. 26(a)(2).

On April 6, 2017, Plaintiff asked for a one-week extension to serve her expert disclosure. Tristar's counsel agreed to the extension provided Plaintiff sought necessary leave of the Court to amend the Scheduling Order and on the further understanding that Plaintiff would offer a reciprocal extension for Tristar's rebuttal disclosures. Instead of approaching the Court to extend the deadline by Stipulation, Plaintiff mailed her expert designation on April 7, 2017.

On April 12, 2017, Tristar received Plaintiff's expert witness designation, purportedly designating John D. Pratt of Argos Forensic Engineering. The designation lists Dr. Pratt's address, telephone number, and hourly rate, and attached a curriculum vitae. The designation noted: "Mr. Pratt has only recently been obtained, and does not have any documents in his possession custody and control regarding this case at this time. Nor has Mr. Pratt prepared a written expert report…. Expert discovery is continuing."

On April 14, 2017, Tristar requested that Plaintiff withdraw Mr. Pratt as an expert for the class certification phase of the action based on the deficiencies in Plaintiff's expert designation, specifically the missing expert report, lack of subject matter or scope of opinions to be offered. Plaintiff's April 17, 2017 response alleged for the first time that Dr. Pratt was not able to complete an expert report because he did not have Tristar's document production, which was to be produced after entry of the Stipulated Protective Order, per the parties' prior agreement. Three days after entry of the Stipulated Protective Order (Dkt. No. 38), Tristar timely served Plaintiff with documents on April 20, 2017.

At no time prior to the service of the expert witness designation did Plaintiff inform Tristar that her expert report was contingent upon Tristar's documents being produced. At no time prior to the designation and even when soliciting an extension, did Plaintiff indicate that her expert would not be able to provide a report. At no time prior to the service of the designation, did Plaintiff offer any reason for the requested extension. At no time was Tristar made aware with any issues relating to problems with the expert's ability to prepare a full report in compliance with the Court's Scheduling Order. It was not until April 17, 2017, that Plaintiff – for the first time – asserted her expert was unable to prepare a report because he needed Tristar's documents that were to be produced after the entry of the protective order.

Plaintiff now takes the misguided position that the expert discovery deadlines set forth in the Scheduling Order did not relate exclusively to certification, but rather were merits based, despite Magistrate Judge Boone having bifurcated class certification and merits discovery.

## II. LEGAL ARGUMENT

The issue here is whether Plaintiff should be allowed to present expert testimony at the class certification hearing despite Plaintiff's failure to meet Rule 26(a)(2) expert disclosure requirements. Rule 37(c)(1) is clear. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

There is no dispute that Plaintiff failed to meet Rule 26(a) requirements. More than a month has lapsed since the original disclosure deadline, and Plaintiff has not yet produced an expert report or opinion concerning the expert testimony that Plaintiff allegedly intends to use in support of her motion for class certification. Moreover, Plaintiff has failed to offer a reasonable justification for her inaction, which has deprived Tristar of its ability to intelligently solicit rebuttal experts and prepare its defense.

### A. Plaintiff's Failure to Provide Any Expert Report Clearly Violates Rule 26(a)

Plaintiff's failure to provide a report prepared and signed by her expert Dr. Pratt is a clear violation of Rule 26(a)(2). Pursuant to Rule 26(a)(2), a party's expert witness disclosure must be accompanied by a report, signed and prepared by the expert witness, and that report must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii) the facts or data considered by the witness in forming them;
(iii) any exhibits that will be used to summarize or support them;
(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
(vi) a statement of the compensation to be paid for the study and testimony in the case.

[Fed R. Civ. P. 26(a)(2)(B).]

4829-0106-5032.1　　　　　　　　　　　　　3　　　　　　　　　　1:16-CV-00331-DAD-SAB
MEMORANDUM IN SUPPORT MOTION TO STRIKE PLAINTIFF'S EXPERT DESIGNATION AND PRECLUDE PLAINTIFF'S EXPERT FROM TESTIFYING IN SUPPORT OF CLASS CERTIFICATION

These disclosures "must be made at the time and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). The rule's disclosure requirements serve several salutary purposes. The disclosures allow attorneys, not experts in the fields at issue, to prepare intelligently for trial and to solicit the views of other experts. *Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 762 (7th Cir. 2010). The rule helps eliminate unfair surprise and promotes the conservation of resources. *Elgas v. Colorado Bell Corp.*, 179 F.R.D. 296, 299 (D. Dev. 1998). The requirement for timely disclosure of expert witnesses helps curb dilatory litigation tactics. *Cont'l Lab. Prods., Inc. v. Medax Int'l, Inc.*, 195 F.R.D. 675, 676 (S.D. Cal. 2000).

Plaintiff's violation of her Rule 26(a) obligation is patently clear. Plaintiff's expert designation acknowledged that a report was not available on the date of the designation. Plaintiff did not produce a report within the additional time discussed by the parties, and there has been no indication that a report is currently available or forthcoming.

### B. Plaintiff's Misguided Belief That The Scheduling Order's Deadlines Apply To Merits Based Discovery Has Caused Unnecessary Delay and Prejudice

During the parties' April 20, 2017 meet and confer conference call it became clear that Plaintiff's refusal to withdraw her deficient expert disclosure stemmed, in part, from a the mistaken belief that the withdrawal would impact merits based discovery, when in fact the Scheduling Order's deadlines clearly apply only to the certification phase of the action. Operating under this misguided belief, Plaintiff rushed to serve a woefully deficient expert disclosure in an attempt preserve her right to call an expert. Plaintiff then miscast Tristar's request to withdraw her expert witness disclosure as draconian and unwarranted, when Plaintiff had not even indicated how or why Dr. Pratt's testimony was critical to the class certification phase of the action.

Plaintiff's confusion and the resulting delay and prejudice to Tristar – including the time and costs associated with this motion – appear to be caused by poor communication in Plaintiff's counsel's office. Plaintiff's counsel Ms. George did not attend the Court's scheduling conference and apparently did not discuss the Court's scheduling order with Mr. Bacon, who appeared in her stead – 30 minutes late. Whether Ms. George sought subsequent clarification from Mr. Bacon regarding the Scheduling Order and Plaintiff's position on the withdrawal is not clear. What is clear is that Plaintiff now insists

expert testimony is critical to the class certification hearing without addressing her expert disclosure deficiencies or providing any reason why.

Plaintiff has been quick to lay blame and deny that Tristar has been prejudiced while turning a blind eye to Plaintiff's missteps and delays. Plaintiff's pattern of seeking eleventh-hour extensions and failure to provide so much as a preliminary expert report contradicts Plaintiff's position that all of these issues could have been avoided by a stipulated extension. Denying Tristar the time and opportunity to review Dr. Pratt's opinions regarding class certification (assuming they exist), depose Dr. Pratt, and solicit its own expert's opinions is presumptively prejudicial.

### C. Plaintiff's Rule 26(a) Violation Mandates Rule 37(c) Exclusion Sanctions

The appropriate penalty or sanction for Plaintiff's violation is equally clear. Failure to comply with Rule 26(a) precludes a party from using that witness to supply evidence on a motion, at a hearing, or at a trial. Fed. R. Civ. P. 37(c)(1). The sanction of exclusion is "automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless." *Id.*; *Cont'l Lab. Prods., Inc. v. Medax Int'l, Inc.*, 195 F.R.D. 675, 676 (S.D. Cal. 2000) quoting *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996); *See also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (Noting that the Advisory Committee Notes describe the sanction as a "self-executing," "automatic" the purpose of which is to "provide a strong inducement for disclosure of material.") Here, Plaintiff cannot escape exclusion sanctions by demonstrating her violation was either justified or harmless.

#### 1. Plaintiff Cannot Credibly Claim That A Complete Failure To Produce An Expert Report Is Harmless.

Plaintiff cannot demonstrate or argue that her failure to meet her Rule 26(a) requirements was harmless. Dr. Pratt's expert report is now more than a month overdue. Tristar did not have an opportunity to review Dr. Pratt's report before designating its own rebuttal expert, and to this date Tristar does not know what testimony Dr. Pratt will offer in support Plaintiff's class certification motion. The additional costs, delays, and uncertainty suffered by Tristar are exactly what the Rule was designed to prevent. *See Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 762 (7th Cir. 2010);

*Elgas v. Colorado Bell Corp.*, 179 F.R.D. 296, 299 (D. Dev. 1998); *Cont'l Lab. Prods., Inc. v. Medax Int'l, Inc.*, 195 F.R.D. 675, 676 (S.D. Cal. 2000).

Plaintiff's contention that Tristar was not prejudiced because Tristar allegedly did not timely disclose its rebuttal expert is unavailing (and confusing). First, Tristar has no idea what opinion the expert intends to offer or what needs to be rebutted. The very definition of a rebuttal witness is someone that is intended "to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B). *See* Fed. R. Civ. P. 26(a)(2)(D)(ii). Again, Plaintiff has not disclosed this evidence.

Second, Tristar's disclosure was timely. The Court's scheduling order only provides that supplemental disclosures must be made by May 2, 2017, and is otherwise silent on the issue of rebuttal witnesses, which means that the federal rules of procedure control. Pursuant to Fed. R. Civ. P. 26(a)(2)(D)(ii), absent a stipulation or court order, the designation and disclosure of a rebuttal witness is due within 30 days after the other party's disclosure. Tristar disclosed its expert on May 2, 2017, within 30 days of Plaintiff's designation. Accordingly, neither of these allegations demonstrates Plaintiff's violation was harmless.

### 2. Plaintiff's Failure To Produce Her Expert's Report Lacks Substantial Justification

There is no reasonable justification for Plaintiff's inability to provide even the slightest indicia as to the sum or substance of the testimony Dr. Pratt allegedly plans to offer in support of Plaintiff's motion for class certification. The only excuse Plaintiff has offered to date is that Tristar's alleged delay in producing certain documents, which were purportedly critical to Dr. Pratt's review, have delayed his report – to this day. This excuse is unavailing.

Generally, a party cannot claim substantial justification without demonstrating an effort to comply with the Rules or to seek the appropriate relief to safeguard its interests where necessary. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). In *Yeti by Molly, Ltd.*, the court rejected, as substantial justification for defendant's failure to produce a report, defendant's mistaken belief that opposing expert's supplementary report would provide additional information which defendant's expert would then address in a final report. *Id.* The court found that,

"defendants could have issued a preliminary report to be supplemented after [plaintiff's expert's] report had been modified or they could have asked for an extension of the discovery deadline." *Id.*

Here, Plaintiff did not seek an extension from Tristar until the day before disclosures were due. Plaintiff did not offer an explanation for the delay, until the disclosures were overdue. Plaintiff did not produce a preliminary report or take any measures to protect her interests. Plaintiff's own designation indicates Dr. Pratt was retained shortly before the disclosure was due, suggesting that any delay in producing a report was the result of Plaintiff's own delay in soliciting her expert. Courts routinely grant exclusion sanctions in matters where the penalty carries far graver consequences for far lesser infractions of Rule 26(a). In light of the foregoing consideration, Plaintiff's Rule 26(a) violation is simply inexcusable.

## III. CONCLUSION

Plaintiff's expert witness disclosure falls woefully short of meeting the requirements set forth in Rule 26(a). These failures have and will unduly prejudice Tristar. Based on Plaintiff's failure to supply a written report, prepared and signed by Dr. Pratt, Tristar respectfully requests that Plaintiff's expert witness disclosure be stricken and that Plaintiff's expert be precluded from testifying in support of Plaintiff's motion for class certification.

Dated: May 10, 2017	LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Pamela M. Ferguson*
Shawn A. Toliver
Pamela M. Ferguson
Attorneys for Defendant TRISTAR PRODUCTS, INC.

# CERTIFICATE OF SERVICE
*Pinon v. Tristar Products, Inc., et al.*
USDC-ED, Fresno Division, Case No. 1:16-cv-00331-DAD-SAB

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 333 Bush Street, Suite 1100, San Francisco, CA 94104-2872. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On May 10, 2017, I served the following document:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TRISTAR, INC.'S MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS DISCLOSURE AND PRECLUDE PLAINTIFF'S EXPERT FROM TESTIFYING IN SUPPORT OF CLASS CERTIFICATION**

I served the document on the following persons at the following address (including a fax number and email addresses, if applicable):

| | |
|---|---|
| Todd M. Friedman, Esq.<br>Meghan E. George, Esq.<br>Law Offices of Todd M. Friedman, P.C.<br>324 S. Beverly Hills Drive, #725<br>Beverly Hills, CA 90212<br>***Attorneys for Plaintiff Edwina Pinon*** | Tel: 877.206.4741<br>Fax: 866.633.0228<br>Email: tfriedman@toddflaw.com<br>mgeorge@toddflaw.com |

The document was served by the following means:

☒ **(BY COURT'S CM/ECF SYSTEM)** Pursuant to the Local Rule, I electronically filed the document with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

May 10, 2017 */s/ B. Yasinah Johnson*
B. Yasinah Johnson

4829-0106-5032.1 1:16-CV-00331-DAD-SAB