# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWINA PINON,<br><br>    Plaintiff,<br><br>v.<br><br>TRISTAR PRODUCTS, INC.,<br><br>    Defendant. | Case No. 1:16 -cv-00331-DAD-SAB<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EXPERT DISCLOSURE AND VACATING MAY 31, 2017 HEARING<br><br>(ECF No. 39-41) |

Plaintiff Edwina Pinon, individually and on behalf of all persons similarly situated, filed this action on March 10, 2016. (ECF No. 1.) Currently before the Court is Defendant's motion to strike Plaintiff's expert disclosure and preclude Plaintiff's expert from testifying in support of class certification with was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (ECF No. 39.) Plaintiff did not file a timely opposition to Defendant's motion.

The Local Rule provides that a party who fails to file a timely opposition is not entitled to be heard in opposition to the motion at oral argument. L.R. 230(c). Therefore, the hearing set for May 31, 2017 shall be vacated.

**I.**

**LEGAL STANDARD**

Rule 26 of the Federal Rules of Civil Procedure requires the disclosure of expert witnesses. Fed. R. Civ. P. 26(a)(2). As relevant here, unless stipulated by the parties or

otherwise ordered by the Court, the party's expert disclosure must be accompanied by a written report, which has been prepared and signed by the witness.[1] Fed. R. Civ. P. 26(a)(2)(B). The witness's "report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(B).

Rule 36(c)(1) gives teeth to the expert disclosure "requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." Yeti v. Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). Rule 36 provides that a party is not allowed to use information or witnesses that are not disclosed or supplemented as required by Rule 26(a) or (e) unless the failure was substantially justified or harmless. Fed. R. Civ. P. 36(c)(1). "The Advisory Committee Notes describe [this] as a 'self-executing,' 'automatic' sanction to 'provide[ ] a strong inducement for disclosure of material. . . .' " Yeti by Molly, Ltd., 259 F.3d at 1106 (quoting Fed. R. Civ. P. 37 advisory committee's note (1994)). The burden is on the party seeking to admit the evidence to demonstrate that the failure to disclose was substantially justified or harmless. Yeti by Molly, Ltd., 259 F.3d at 1107.

"Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." Lanard Toys Ltd. v. Novelty, Inc., 375 F. App'x 705, 713 (9th Cir. 2010) (citing David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003)); Monroe v. Davis, No. 2:13-CV-00863-GMN, 2014 WL 3845121, at *2 (D. Nev. Aug. 4, 2014).

---

[1] Rule 26 contemplates two different types of experts, those that are retained or specifically employed to testify in a case, and other witnesses who may testify as experts but have not been retained or specifically employed. Elgas v. Colorado Belle Corp., 179 F.R.D. 296, 298 (D. Nev. 1998). The current motion deals with retained experts.

## II.

## DISCUSSION

The scheduling order in this action provided that the parties were required to disclose expert witnesses in writing on or before April 7, 2017, and all supplemental experts were to be disclosed by May 2, 2017. (Scheduling Order 2, ECF No. 35.) Further, the order stated that "written designation of retained and non-retained experts **shall be made pursuant to Fed. R. Civ. P. 26(a)(2), (A), (B) and (C) and shall include all information required thereunder**. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through the experts that are not properly disclosed in compliance with this order." (Id. (emphasis in original).)

The purpose of the expert report is "the elimination of unfair surprise to the opposing party and the conservation of resources." Elgas v. Colorado Belle Corp., 179 F.R.D. 296, 299 (D. Nev. 1998). "The test of a report is whether it was sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced." Elgas, 179 F.R.D. at 299. Rule 26 requires "exact compliance in all particulars with the disclosures" requirement. Elgas, 179 F.R.D. at 299 (quoting Sullivan v. Glock, Inc., 175 F.R.D. 497, 503 (D. Md. 1997)). When Plaintiff provided her expert disclosure, she provided contact information for the expert and a curriculum vitae, but no expert report was attached. (Decl. of Pamela M. Ferguson ¶ 6; Designation of Expert Witness, ECF No. 41 at 9-16.) Plaintiff's expert disclosure did not comply with Rule 26.

A party is required to make expert disclosures at the time and in the sequence that the court orders. Goodman v. Staples The Office Superstore, LLC, 644 F.3d 817, 827 (9th Cir. 2011). It is undisputed that Plaintiff has not complied with Rule 26 in her expert disclosures. Therefore, the burden is on Plaintiff to demonstrate that the failure to disclose was substantially justified or harmless. Yeti by Molly, Ltd., 259 F.3d at 1107.

Plaintiff's expert disclosure was due by April 7, 2017. (ECF No. 35.) While there appears to have been an issue with discovery, Plaintiff has not brought a motion to compel or sought an extension of the expert disclosure deadline or any other deadline in the December 14,

1  2016 scheduling order. Plaintiff's motion for class certification is due on June 16, 2017, and the
2  deadline for expert discovery closes on June 2, 2017.

3  Defendant argues that the failure to provide the opinion of the expert is presumptively
4  prejudicial because Defendant has not had an opportunity to review the report, depose the expert,
5  or solicit its own expert. Given the pending dates, the Court finds that Defendant has suffered
6  harm by the failure to disclose the expert report. Since Plaintiff did not provide the opinion of
7  the expert, Defendant has not had an opportunity to depose the expert. The purpose of deposing
8  the expert witness would be to test the opinion and the bases for the opinion. Here, Defendant is
9  unaware of what the expert's opinion would be or what it would be based upon. Had Plaintiff
10 provided the expert report on the date the expert disclosure was made, Defendant would have
11 had the opportunity to conduct a deposition within the period that discovery in this action was
12 open. Also, Defendant was required to disclose any rebuttal experts within thirty days of
13 Plaintiff's expert discloses. Fed. R. Civ. P. 26(a)(2)(D)(ii). As Defendant is unaware of the
14 expert's opinion, Defendant is unable to solicit a rebuttal expert to comply with the requirement
15 to disclose rebuttal experts.

16 Defendant contends that Plaintiff has still not produced the expert's report required by
17 Rule 26. The failure to produce the expert report is not harmless as Defendant is unaware of the
18 opinion the expert would provide in support of Plaintiff's motion for class certification. Plaintiff
19 has not responded to the motion, therefore, she has not met her burden to demonstrate that the
20 failure to comply was substantially justified or harmless. The Court finds that Plaintiff's expert
21 disclosure did not comply with Rule 26 and the failure to comply was not substantially justified
22 or harmless.

### III.

### CONCLUSION AND ORDER

25 The Court finds that Plaintiff's expert witness disclosure did not comply with Federal
26 Rule of Civil Procedure 26. Additionally, Plaintiff has not met her burden of demonstrating that
27 the failure to comply was not substantially justified or harmless. Therefore, Defendant's motion
28 to strike Plaintiff's expert witness and preclude his testimony in support of class certification

shall be granted.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion to strike Plaintiff's expert witness and preclude expert testimony in support of class certification is GRANTED;

2. Plaintiff's designation of John D. Pratt as an expert witness in this action is STRICKEN;

3. Plaintiff is precluded from presenting the testimony of John D. Pratt in support of the motion for class certification; and

4. The motion hearing on May 31, 2017, is VACATED.

IT IS SO ORDERED.

Dated: __**May 26, 2017**__

UNITED STATES MAGISTRATE JUDGE