UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWINA PINON, individually and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRISTAR PRODUCTS, INC., DOES 1-10, inclusive,<br><br>Defendants. | No. 1:16-cv-00331-DAD-SAB<br><br><br>ORDER GRANTING JOINT MOTION TO TRANSFER VENUE<br><br>(Doc. No. 52.) |

This matter is before the court on the parties' joint motion to transfer this action to the United States District Court for the Northern District of Ohio, Eastern Division. (Doc. No. 52.) Plaintiff Edwina Pinon and defendant Tristar Products, Inc. ("Tristar") have moved for this case to be transferred to the Northern District of Ohio so it can be consolidated with another action[1] pending before U.S. District Judge James S. Gwin of that court. (*Id.*)

**BACKGROUND**

Plaintiff Edwina Pinon initiated this action on March 10, 2016 on behalf of all persons who purchased a 2015 Power Pressure Cooker XL ("Pressure Cooker"), which she alleged was defectively designed and caused injuries to the class members. (Doc. No. 1.) This action proceeds on the first amended complaint ("FAC"), which was filed on May 24, 2016. (Doc. No.

---
[1] *Chapman v. Tristar Products, Inc.*, No. 1:16-cv-01114 (N.D. Ohio).

1

17.) Plaintiff asserted four causes of action in the FAC: (1) breach of express warranty, (2) breach of implied warranty, (3) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*, and (4) violation of the California Unfair Competition Law, California Business & Professions Code § 17200, *et seq.* (*Id.*) In terms of relief, plaintiff seeks damages, attorney's fees and costs, and injunctive relief "requiring Defendants to recall and replace or repair the defective Pressure Cookers, and prohibiting any further misleading or deceptive advertising campaigns." (*Id.* at 15.) On June 10, 2016, defendant moved to dismiss plaintiff's injunctive relief claim for lack of subject matter jurisdiction. (Doc. No. 19.) That motion was denied by this court on September 1, 2016. (Doc. No. 26.) Thereafter, the parties attended an initial scheduling conference before U. S. Magistrate Judge Stanley Boone on December 13, 2016. (Doc. No. 34.) On May 26, 2017, plaintiff filed a notice of settlement with the court. (Doc. No. 48.) This joint motion to change venue was filed on September 11, 2017. (Doc. No. 52.) Initially this motion was set for hearing on October 17, 2017, but the court vacated the hearing date on October 5, 2017, finding the motion to be properly resolved on the papers without the need for oral argument. (Doc. No. 54.)

## LEGAL STANDARD

A district court may transfer the venue of any civil action to another district or division where it could have been brought or to any district or division to which all parties have consented. 28 U.S.C. § 1404(a). The change of venue provision "is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks omitted); *Anderson v. Michaels Stores, Inc.*, No. CIV. 2:14-500 WBS, 2014 WL 1613952, at *2 (E.D. Cal. Apr. 22, 2014). When ruling on a motion to transfer venue, courts evaluate three elements: (1) convenience for the parties; (2) convenience for the witnesses; and (3) the interests of justice. *Id.*; *Safarian v. Maserati N. Am., Inc.*, 559 F.Supp.2d 1068, 1071 (C.D. Cal. 2008). In making the determination, the Ninth Circuit has considered factors such as, but not limited to, the plaintiff's choice of forum, the parties' contacts with the forum, contacts resulting in plaintiff's cause of action in the chosen forum, different costs of litigation between the two forums, ease of access to

2

evidence, and feasibility of consolidating other claims. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000); *Decker Coal. Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *Anderson*, 2014 WL 1613952 at *2.

## DISCUSSION

Here, the parties jointly move this court to transfer this action to the United States District Court for the Northern District of Ohio, Eastern Division (Cleveland Office), to be consolidated with a pending class action there against the same defendant. (Doc. No. 52 at 1.) Since this is a joint motion, the court concludes that the new forum will be convenient for both parties. Plaintiff has represented that this action has been settled, so the court does not need to consider convenience for any witnesses. It is in line with the interests of justice to transfer this action to the Northern District of Ohio, to allow the parties to petition for consolidation with the pending case which has also settled. If the cases are consolidated, transferring the case would promote efficient administration of justice, as only one court would have to provide preliminary approval, class-wide notice, claims administration, and final approval of the proposed settlement agreement.

## CONCLUSION

For the forgoing reasons, the court grants the parties' joint motion to transfer this action to the Northern District of Ohio. Accordingly, this action is transferred to the United States District Court for the Northern District of Ohio, Eastern Division (Cleveland Office).

IT IS SO ORDERED.

Dated: __**October 26, 2017**__ _____
UNITED STATES DISTRICT JUDGE